IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL PERRIS, | : | Civil No. 1:26-CV-00050 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| ANGELA HOOVER, *et al.*, | : | |
| | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

**<u>MEMORANDUM</u>**

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Paul Perris ("Perris") arguing that he should be immediately released from detention. (Doc. 1.) For the reasons that follow, the court will dismiss Perris's petition without prejudice.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Perris is a native and citizen of India. (Doc. 1, p. 1.)[1] He was admitted to the United States as a nonimmigrant visitor on January 12, 2022, at a port of entry in Everglades, Florida, as a D2 Crewmember with authorization to remain in the United States until January 12, 2022. (Doc. 8-2, p. 3.) Perris did not depart the United States. (*Id.*)

Perris was charged in Centre County, Pennsylvania with theft of services and bad checks on August 14, 2025. (*Id.*) On December 19, 2025, the charges

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

were dismissed under Pennsylvania Rule of Criminal Procedure 586 and Perris was ordered to pay restitution, costs of prosecution, and fees.  (Doc. 1-1, p. 2.)  On December 29, 2025, Immigration and Customs Enforcement Officers encountered Perris at Centre County Correctional Facility pursuant to the Local Criminal Alien Program.  (Doc. 8-2, p. 3.)  An immigration arrest warrant and immigration detainer were lodged against Perris, and Perris was served with a notice to appear charging him as removable under the Immigration and Nationality Act ("INA") § 237(a)(1)(B).  (*Id.*; Doc. 8-3, p. 3.)  Perris is in removal proceedings and was scheduled for a hearing in February 2026.  (Doc. 8-4.)

On January 12, 2026, Perris filed the present petition for writ of habeas corpus against Angela Hoover, Warden of Clinton County Correctional Facility; Officer Reid, Acting Director of Williamsport ICE; Kristi Noem, Secretary of the U.S. Department of Homeland Security; and Pamela Bondi, Attorney General of the United States (collectively, "Respondents").[2]  (Doc. 1.)  The same day, Perris filed a motion for temporary restraining order.  (Doc. 2.)  Once Perris submitted his filing fee on January 23, 2026, the court issued a service order requiring

---

[2] Respondents, in a footnote, submit that the only proper respondent is Angela Hoover because she is the Warden of Clinton County Correctional Facility.  (Doc. 8, p. 1 n.1.)  In this case, consistent with *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004), Petitioner has named the Warden as a respondent.  *Padilla*, 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent.")  The court will not address an argument requesting dismissal of other respondents when only raised in a footnote.

Respondents to respond to the habeas petition and motion for temporary restraining order. (Docs. 5, 6.) Both the petition and motion have been fully briefed and are ripe for review. (Docs. 7, 8, 11.) Perris subsequently filed a motion for a hearing and to appoint counsel, as well as for expedited review. (Docs. 14, 15.)

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2241(c)(3), a district court may consider a writ of habeas corpus when an immigration detainee is "in custody in violation of the Constitution or laws or treaties of the United States." Claims related to an immigration detainee's request for release from confinement must be brought as a habeas petition as these "claims fall within the 'core' of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 167 (2022)). Jurisdiction for "core habeas petitions . . . lies in only one district: the district of confinement." *Id.* (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)) (internal quotations omitted). Perris is detained at the Clinton County Correctional Facility, which is within the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b).

## DISCUSSION

Perris argues that he is being unlawfully detained by ICE without any bond hearing or foreseeable release from detention. (Doc. 1, p. 2.) He alleges that his detention violates his due process rights under the Fifth Amendment to the United

3

States Constitution and the Administrative Procedures Act. (*Id.*) Perris requests that the court order his immediate release. (*Id.* at 2–3.)

Respondents submit that Perris is subject to a pre-final order of discretionary detention under 8 U.S.C. § 1226(a). (Doc. 8, p. 4.) Importantly, they argue that Perris has not requested a bond hearing before an immigration judge although he has the opportunity to do so under Section 1226(a). (*Id.*) Respondents assert that because Perris has the opportunity to request a bond hearing, but has failed to do so, he has not exhausted his administrative remedies. (*Id.* at 4–8.) Thus, the petition should be dismissed without prejudice. (*Id.* at 9.)

In his traverse, Perris reargues his points and adds that ICE held him past the forty-eight-hour permitted detainer such that it was an "unlawful executive detention." (Doc. 11, p. 1–2.) Perris blames ICE and Center County for his alleged unlawful detention and urges the court to release him from custody. (*Id.* at 3–10.)

Immigration records show that Perris is being detained under Section 1226(a). Typically, a petitioner is required to exhaust his administrative remedies before filing a petition under Section 2241. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757 (3d Cir. 1996) (citations omitted). While there is no statutory requirement for exhaustion, courts may require exhaustion out of concern for "sound judicial discretion." *McCarty v. Madigan*, 503 U.S. 140, 144 (1992).

4

Exhaustion is "not required when it would be futile," and courts often waive exhaustion requirements when presented with immigration bond issues. *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-cv-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (citation omitted); *Cox v. Monica*, No. 07-cv-534, 2027 WL 1804335, at *3 (M.D. Pa. June 20, 2007).  Nonetheless, courts may require exhaustion for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Id.* at 761–62.

The court finds that exhaustion of administrative remedies is required in this case.  Perris presents no evidence, and there is no evidence in the immigration records provided to the court, that he has made any attempt to request a bond hearing.  Rather, it seems that he sought relief from this court without first requesting release on bond from immigration authorities.  In this instance, allowing an immigration judge to develop a factual record, and apply his or her expertise first, facilitates any review by a district court in a properly filed habeas petition. Exhaustion also conserves this court's resources.  Accordingly, the court will dismiss Perris's habeas petition without prejudice.

**CONCLUSION**

For the reasons stated herein, the court will dismiss the petition for writ of habeas corpus, Doc. 1, without prejudice, and deny as moot the pending motions, Docs. 2, 14, 15.  An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: May 22, 2026